IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Sharon Collins,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: _____ |
| v. | ) |
| | ) JURY DEMANDED |
| | ) |
| **Collierville Nursing and Rehabilitation, LLC,** | ) |
| *a Tennessee Corporation.* | ) |
| | ) |
| **Defendant.** | ) |

**VERIFIED COMPLAINT FOR VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Sharon Collins (hereinafter referred to as "Ms. Collins" or "Plaintiff"), by and through counsel, and for her Complaint against Defendant Collierville Nursing and Rehabilitation, LLC (hereinafter referred to as "CNR" or "Defendant") states as follows.

**NATURE OF THE COMPLAINT**

1. Ms. Collins brings this action against Collierville Nursing and Rehabilitation, LLC, a Tennessee corporation, for the violation of federal law, specifically the Emergency Paid Sick Leave Act (EPSLA) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Ms. Collins seeks declaratory relief; back pay; front pay; unpaid Emergency Paid Sick Leave compensation; and liquidated damages and/or other damages as permitted by applicable law; in addition to attorney's fees and expenses incurred in this action.

**PARTIES**

3. Ms. Collins is a resident of Walls, DeSoto County, Mississippi.

Doc ID: af5fc789859aac083ded83105240e4f9997f092d

4. At all relevant times, Ms. Collins was an employee of Defendant for FLSA purposes.

5. Defendant Collierville Nursing and Rehabilitation, LLC, is a Tennessee corporation and may be reached for service through its registered agent, Corporate Creations Network, Inc., 205 Powell Place, Brentwood, TN 37027-7522.

6. Defendant was Ms. Collins' employer at all times pertinent to this complaint.

## JURISDICTION AND VENUE

7. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.  This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

8. Defendant is a legal entity incorporated in the State of Tennessee.  Therefore, this Court has personal jurisdiction over Defendant.

9. Defendant does business in the Western District of Tennessee.  Furthermore, a substantial part of the events giving rise to Ms. Collins' claims occurred in the Western District of Tennessee.  Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Western District of Tennessee.

## FACTUAL BACKGROUND

10. Defendant employed Ms. Collins as Assistant Director of Nursing from approximately January of 2020 until April 20, 2020.

11. On or about April 2, 2020, a co-worker of Ms. Collins tested positive for COVID-19.

12. On or About April 4, 2020, Ms. Collins started experiencing stomach pain, fatigue, and fever.

Doc ID: af5fc789859aac083ded83105240e4f9997f092d

13. On or about April 6, 2020, Ms. Collins notified her supervisor of how poorly she was feeling but her supervisor indicated that Ms. Collins was urgently needed. Ms. Collins attempted to report for work but was unable to make it due to her symptoms.

14. On or about April 7, 2020, Ms. Collins went to see her primary care physician and was tested for COVID-19.

15. Ms. Collins was given a note by her doctor excusing her from work while she awaited the results of her test. The test results came back on April 13 and were negative.

16. Ms. Collins was still experiencing intermittent fever and her immediate supervisor, the Director of Nursing, instructed her to remain off until she was fever free.

17. On April 16, Ms. Collins's physician provided Ms. Collins with a note excusing her for all the days she had missed and released her to return to work on April 20, 2020, on the condition that she had no further fever.

18. Accordingly, she reported to the Director of Nursing she would be back on the 20th.

19. Ms. Collins returned to work on April 20th as planned and was summoned to the Director of Nursing's office where she was summarily terminated.

## COUNT I
## FAILURE TO PROVIDE REQUIRED COMPENSATION IN VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT AND THE FLSA

20. Ms. Collins re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 20 as if they were set forth fully herein.

21. The Emergency Paid Sick Leave Act, a law passed under the Families First Coronavirus Response Act, requires that an employer shall provide each employee paid sick time to the extent that the employee is unable to work or telework due to a need for leave

Doc ID: af5fc789859aac083ded83105240e4f9997f092d

because:…the employee has been advised by a healthcare provider to self-quarantine due to concerns related to COVID-19. H.R. 6201.

22. Violation of this act shall be considered a failure to pay minimum wages in violation of section 6 of the Fair Labor and Standards Act of 1938 and be subject to the penalties described in sections 16 and 17 of such Act.

23. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

24. Upon information and belief, at all relevant times, Defendant has employed and/or continues to employ "employee[s]," such as Ms. Collins.

25. Ms. Collins was required to self-quarantine by a health care professional and put CNR on notice of that fact. Once CNR was put on notice, they were required to provide Ms. Collins with eighty (80) hours of paid sick leave as a full-time employee at her regular rate.

26. Ms. Collins was not, during the entirety of her employment with Defendant, exempt from the Emergency Paid Sick Leave Act under the FLSA and was thus entitled to be paid emergency sick leave.

27. CNR did not provide Ms. Collins with this required paid sick leave and as a result is in violation of Section 6(a)(1) of the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29. Under the Emergency Paid Sick Leave Act an employer who violates this act shall, "be considered to have failed to pay minimum wages in violation of section 6 of the Fair

Doc ID: af5fc789859aac083ded83105240e4f9997f092d

Labor and Standards Act of 1938 and be subject to the penalties described in sections 16 and 17 of such Act". H.R. 6201.

## COUNT II
## WRONGFUL TERMINATION/RETALIATION IN VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT AND THE FLSA

30. Ms. Collins re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 34 as if they were set forth fully herein.

31. Ms. Collins was also terminated for use of emergency paid sick leave.

32. The Emergency Paid Sick Leave Act defines an employee's termination for use of emergency sick leave as a violation of Section 15(a)(3) of the Fair Labor and Standards Act of 1938…subject to the penalties described in sections 16 and 17 of such Act.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for back pay; front pay; unpaid Emergency Paid Sick Leave compensation; and liquidated damages and/or other damages as permitted by applicable law, in an exact amount to be determined at trial;

4. Award of money to Ms. Collins for costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

Doc ID: af5fc789859aac083ded83105240e4f9997f092d

**5.** Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Sharon Collins hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

                    Respectfully submitted,

                    s/Philip Oliphant
                    Alan G. Crone, TN Bar No. 014285
                    Philip E. Oliphant, TN Bar No. 025990
                    THE CRONE LAW FIRM, PLC
                    88 Union Avenue, 14th Floor
                    Memphis, TN 38103
                    901.737.7740 (voice)
                    901.474.7959 (voice)
                    901.474.7926 (fax)
                    acrone@cronelawfirmplc.com
                    poliphant@cronelawfirmplc.com
                    *Attorneys for Plaintiff*

Doc ID: af5fc789859aac083ded83105240e4f9997f092d

## **DECLARATION AND VERIFICATION**

     I, Sharon Collins, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Sharon Collins

09 / 11 / 2020
_____
Date

Doc ID: af5fc789859aac083ded83105240e4f9997f092d



Audit Trail

| | |
|---|---|
| **TITLE** | Collins - Corrected Complaint review/verify |
| **FILE NAME** | Collins Complaint Final.pdf |
| **DOCUMENT ID** | af5fc789859aac083ded83105240e4f9997f092d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**
**09 / 11 / 2020**
12:33:56 UTC-6

Sent for signature to Sharon Collins (shrnlampkin@yahoo.com) from jlc@cronelawfirmplc.com
IP: 73.177.108.241

**VIEWED**
**09 / 11 / 2020**
13:14:34 UTC-6

Viewed by Sharon Collins (shrnlampkin@yahoo.com)
IP: 107.77.241.22

**SIGNED**
**09 / 11 / 2020**
13:17:29 UTC-6

Signed by Sharon Collins (shrnlampkin@yahoo.com)
IP: 107.77.241.22

**COMPLETED**
**09 / 11 / 2020**
13:17:29 UTC-6

The document has been completed.

Powered by HELLOSIGN